O P I N I O N
Defendant-appellant, Winston Austin, appeals the January 25, 2001, Judgment Entry of the Stark County Court of Common Pleas which found him to be a sexual predator pursuant to R.C. 2950.09. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
July 28, 1995, the Stark County Grand Jury indicted defendant-appellant Winston Austin [hereinafter appellant] on one count of rape, in violation of R.C. 2907.02[1], one count felonious sexual penetration, in violation of R.C. 2907.12[2], one count gross sexual imposition, in violation of R.C. 2907.05[3] and one count endangering children, in violation of R.C. 2919.22(B)(2)[4]. The Indictment and Bill of Particulars alleged that appellant engaged in sexual conduct, as a continuous course of conduct, with a child who was less than 13 years of age from on or about November 1, 1991, to November 30, 1994. The child victim was between the ages of three and six when the offenses occurred.[5]
On March 25, 1996, appellant entered a plea of guilty to each charge. By Judgment Entry filed March 27, 1996, appellant was sentenced to an indeterminate term of not less than eight years nor more than twenty-five years on the count of rape, an indeterminate term of not less than eight nor more than twenty-five years on the felonious sexual penetration count, a determinate term of two years on the count of gross sexual imposition and a determinate term of two years on the endangering children count. The trial court ordered that appellant serve all of those sentences concurrently.
Pursuant to R.C. 2950, as amended H.B. 180, the Ohio Department of Rehabilitations and Corrections recommended that appellant be classified a sexual predator. On January 24, 2001, the classification hearing was held before the trial court. In a Journal Entry filed January 25, 2001, appellant was found to be a sexual predator. It is from the January 25, 2001, Judgment Entry that appellant prosecutes this appeal, raising the following assignment of error:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FOUND THE DEFENDANT TO BE A SEXUAL PREDATOR WHEN CLEAR AND CONVINCING EVIDENCE DID NOT EXIST THAT THE DEFENDANT WAS LIKELY TO ENGAGE IN FUTURE SEX OFFENSES.
In appellant's sole assignment of error, appellant contends that the trial court's classification of him as a sexual predator, as defined in R.C. 2950.01(E), and in particular the trial court's requisite, underlying finding that appellant was likely to engage in future sex offenses, was not supported by clear and convincing evidence. We disagree.
Revised Code 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or plead guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexuallyoriented offenses." (Emphasis added). In making a determination as to whether an offender should be adjudicated a sexual predator, the trial court shall consider all relevant factors, including, but not limited to all of the factors specified in division (B)(2) of R.C. 2950.09. See R.C. 2950.09(C)(2)(b). Those factors are:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses; including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavior characteristics that contribute to the offender's conduct.
The trial court shall determine an offender to be a sexual predator only if the evidence presented convinces the trial court by clear and convincing evidence. R.C. 2950.09(C)(2)(b). We review appellant's assignment of error under the manifest weight of the evidence standard set forth in C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279, 376 N.E.2d 578. See e.g. State v. Elbert (March 20, 2000), Stark App. No. 1999CA00193, unreported, 2000 WL 329899. Accordingly, judgments supported by some competent, credible evidence will not be reversed as being against the manifest weight of the evidence.
Appellant pled guilty to one count of rape, one count of felonious sexual penetration, one count of gross sexual imposition and one count of endangering a child, all committed as a continuing course of conduct over a three-year time period. At the classification hearing on January 24, 2001, the State presented the appellant's plea, penal institution records, the child victim evaluation, the child victim's medical records and the record before the trial court. The trial court, in finding by clear and convincing evidence that appellant was a sexual predator, specifically made the following findings on the record:
 THE COURT: . . . And going over the matters that we need to address in this particular matter was the offender's age.
 We have nothing with regard to a prior criminal record, at least nothing that — there was some reference in the file, I believe, to a domestic violence but no determination as to the end result of that and/or any indication that that's a sexual matter. So the Court would not consider that.
 There were not multiple victims involved nor any indication of drugs or alcohol involved.
 The age of the victim, at this time a young age and at the time of the commencement of the admitted offenses. And the statements contained provided in discovery relative to the force and the threat and the vaginal intercourse that was committed on a child of that age the Court would have to take into consideration as far as sexual conduct that was involved in this particular matter.
There is no mental illness involved.
 Of course, the nature of the sexual conduct, which was particularly reprehensible because of the age of the child.
 The Court is to take into consideration, as I stated, threats involved in that. The Court also considered the institutional report relative to what courses he has taken in this and his conduct at least as represented in the report. That's been accepted into evidence.
 The assault, the masturbation [incidents while incarcerated], I agree, while of a sexual nature, did not involve another individual.
 Going down, then, to the recommendation relative to that, and the Court takes into consideration the facts of the underlying situation here of the charges of rape, felonious sexual penetration, gross sexual imposition and endangering children, all as treating a child at the time that was under six years of age.
 Going to the report of the psychological assessments, the summary and recommendation is based upon — at least in part it's based upon the fact it starts out because he is denying the crime as part of the same sentence they make the determination he is at a low risk for reoffending, which is entirely inconsistent that he's denying because there has already been a judicial determination and an admission. . . .
 And the Court finds, then, based upon the events of the facts that I set forth, the charges and discovery provided, which was subject to cross-examination if desired at a time prior to the plea agreement, the Court finds by clear and convincing evidence the defendant is a sexual predator and will so find.
Transcript of Proceedings 22-25
Based on the foregoing, we find that the trial court considered the elements set forth in R.C. 2950.09(B)(2) and that there was competent, credible evidence to support the findings that appellant was a sexual predator. The Indictment and Amended Bill of Particulars indicate that between 1991 and 1994, in a continuous course of conduct, appellant sexually molested a child. As a result, appellant was indicted on one count of rape, one count felonious sexual penetration, one count of gross sexual imposition, and one count of endangering children. At the time of the offenses, the child victim was three to six years of age. The sexual conduct included vaginal sexual intercourse, digital penetration of the victim's vaginal cavity, fondling of the victim's vaginal region and physical and sexual abuse. The child victim claimed that these events occurred often, "200 times," while her mother was at work and appellant was left to care for her.[6] The child stated that in addition to the sexual conduct itself, appellant threatened her, held her head under the water during baths, and covered her head while molesting her.[7]
Appellant contends that at the hearing on this matter, the trial court could not have found appellant to be likely to engage in future sexually-oriented offenses.[8] Appellant cites this court, as he did the trial court, to the Sex Offender Assessment report which indicated that because appellant was denying the crimes, he was to be considered low-risk for reoffending[9]. The trial court, while reading and considering the report in its entirety, found the conclusion that appellant was at low-risk for reoffending inconsistent with the rest of the report. We agree with the trial court. The assessment stated the following, in pertinent part:
 Offender Type: Considering the information gleaned from the file and interview, [appellant] is considered a child molester, regressive type. This conclusion is based on that [sic] that his primary sexual orientation is toward adults and his pedophilic interests did not emerge until he was in his thirties. In addition, there are sadistic qualities to the offending behaviors that [appellant] committed against both his victim and his girlfriend. He denies the offense and blames the victim's parents for it. Of further note, [appellant] is utilizing religiosity as a cognitive distortion, that is, he presents himself as being too moral and righteous, because of his religious beliefs, to have committed a sex offense.
 Summary Recommendations: [Appellant] is s 35-year-old Black male of average intelligence who is considered to be a regressed child molester. He involves himself with children in a maladaptive attempt to deal with life stresses. Because he is denying the crime and is considered to be at low risk for re-offending, it is recommended that upon entering pre-release, he should develop a relapse prevention plan to help him curtail his sexual offending behaviors.
Assessment, at 3, (Emphasis original).
While the assessment does ultimately state the conclusion that appellant is at low risk of reoffending, the report itself would indicate that the conclusion was not supported by the findings of the report and, therefore, possibly a typographical mistake. Upon review of the record, we find that there was competent, credible evidence to support the trial court's finding that appellant is a sexual predator, as defined in R.C.2950.01(E), by clear and convincing evidence and that such finding is not against the manifest weight of the evidence.[10]
Appellant's assignment of error is overruled.
The judgment of the Stark County Court of Common Pleas is affirmed.
 ________________________ Edwards, J
By Gwin, J. and Farmer, J. concurs.
[1] No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
. . .
 (b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.
. . .
 (2) No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force.
R.C. 2907.02(A)(1).
[2] No person, without privilege to do so, shall insert any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
. . .
 (b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.
. . .
 (2) No person, without privilege to do so, shall insert any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another when the offender purposely compels the other person to submit by force or threat of force.
R.C. 2907.12(A)(1) (subsequently repealed).
[3] No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
. . .
 (4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person. . .
R.C. 2907.05(A).
[4] (B) No person shall do any of the following to a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age:
. . .
(2) Torture or cruelly abuse the child.
[5] The child victim's date of birth was August 26, 1988.
[6] Allegedly, appellant was the victim's mother's boyfriend who lived with the victim's mother and the victim for three years.
[7] These behaviors were described as "sadistic" in a "Sex Offender Assessment" prepared by the Madison Correctional Institution.
[8] In the recent case of State v. Eppinger, the Ohio Supreme Court noted that pedophiles are a class of sexual offenders known for a high rate of recidivism. State v. Eppinger (2001), 91 Ohio St.3d 158, 160-161 162. The Eppinger Court cited a study that estimated the recidivism among pedophiles to be as high as seventy-two percent.
[9] The Sex Offender Assessment is dated 10/1/96.
[10] We further note that at oral arguments appellant cited this court to State v. Eppinger, supra for the proposition that appellant should have been re-assessed to determine whether he was likely to commit sexually oriented offenses in the future. (Eppinger was decided the day before appellant's Merit Brief was filed.) Appellant contended that the report was inconsistent and four years old. However, even if this argument had been presented to this court in appellant's Merit Brief, we would find it meritless under the facts of this case. Eppinger held that there may be cases in which an expert witness may need to be provided to an indigent defendant at a sexual offender classification hearing where such services are necessary to determine whether a sexual offender was likely to commit sexually-oriented offenses in the future. First, appellant made no request before the hearing to have an expert appointed. Further, the Eppinger Court noted that some of the relevant factors to consider in determining whether to appoint an expert included whether the victim was a child or adult, since pedophiles were statistically much more likely to re-commit, whether appellant has committed more than one sexually oriented offense and whether there is insufficient evidence in the transcripts, victim impact statements, presentence investigations and other evidence upon which to base a decision.
In this case, appellant engaged in a course of conduct, including multiple incidents of rape, sexual abuse and physical abuse over a three year period, not an isolated incident. Further, the victim was a child and the assessment presented at the hearing found appellant to be pedophile, which according to the Eppinger Court, is a class of offenders with an "especially high rate of recidivism." Eppinger,91 Ohio St.3d at 162. Therefore, we do not find Eppinger's holding that a trial court, may at its discretion, appoint an expert witness for a defendant to indicate that such an expert would have been appropriate in this case, even if requested by appellant. The trial court had sufficient evidence upon which to base its decision, even considering the discrepancy in the assessment and the passage of time since the preparation of the assessment.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs to appellant.